## SANFORD RICHARDS

*v.*

## WILLIAM C. BETZER.

1. ASSIGNMENT — *without date* — *presumption as to time of assignment.* Where the assignment of a promissory note is without date, the law raises the presumption, subject to be rebutted, that the transfer was made before maturity. And, in such case, in an action by the assignee against the maker, it devolves upon the defendant to overcome this presumption by proof.

2. So, in an action on a promissory note, by the assignee against the maker, the assignment being without date, and the defense being a partial failure of consideration, it was *held,* the defendent having failed to introduce any evidence showing the transfer was made after maturity, the question was properly left to the jury, whether the plaintiff purchased the note under such circumstances as charged him with notice of any defense the defendant might have to the note, whether the circumstances were such as would put a prudent man upon inquiry.

3. FAILURE OF CONSIDERATION—*what constitutes.* To constitute a failure of consideration of a promissory note, there must be either a warranty or a false and fraudulent representation of the thing sold.

4. FRAUDULENT REPRESENTATIONS—*scienter.* And to render representations fraudulent, the person making them must know, or have reason to believe them to be false.

5. So, in an action on a promissory note, where the defense is a failure of consideration, on the ground of false and fraudulent representations, it devolves upon the defendant to prove, not only that the representations were untrue, but that the seller knew them to be false when he made them.

6. PARTIES—*in action upon promissory note—of the equitable owner.* The right of action upon a promissory note is in the person holding the legal title, notwithstanding the fact that another person may have an equitable interest therein. And it is no concern of the maker that a third person holds an equitable interest in the note.

APPEAL from the Circuit Court of Champaign county; the Hon. A. J. GALLAGHER, Judge, presiding.

This was an action brought by Sanford Richards, against William C. Betzer, to the November term, 1868, of the Champaign circuit court, on two promissory notes, executed by the defendant, in favor of one S. D. Mandeville, who endorsed them to the plaintiff, both notes bearing date of October 5, 1867, due in ten months after date, and drawing ten per cent interest from date, one for the sum of $1000, and the other for $584. Upon a trial being had, judgment was rendered for the plaintiff in the sum of $1300, and to reverse this judgment the plaintiff appeals.

Mr. E. L. SWEET, for the appellant.

Mr. C. B. SMITH, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellant against appellee, on two promissory notes executed by appellee to one S. D. Mandeville, and endorsed by him to appellant. The general issue and two special pleas were filed. The first special plea averred that the notes were given on the purchase

of a flock of sheep sold to appellee by Mandeville, who represented that the ewes of the flock had not been to bucks, and were not with lamb, when they had, in fact, been so exposed, and were with lamb, whereby a large number became and were injured and died, whereby a heavy loss was sustained, and the consideration of the note had failed, in part. The plea avers that appellant had notice of the facts when he purchased the notes of Mandeville, and that they were then due.

The second special plea is substantially the same, except that Mandeville represented that the ewes had not been exposed to the bucks, except to one aproned buck a part of one night. It avers that they had been otherwise exposed, and were with lamb, whereby loss ensued, and there was a partial failure of consideration. To these ᵃpleas, replications were filed, and issues to the country were formed.

On a trial before the court and a jury, a verdict was rendered in favor of plaintiff for the sum of $1300. He thereupon entered a motion for a new trial, which was overruled, and judgment was rendered on the verdict; to reverse which, the plaintiff brings the record to this court, and assigns various errors.

The notes both bear the same date, and fell due at the same time. They were endorsed to appellant, but the assignment is without date. Where the endorsement is not dated, the law raises the presumption, subject to be rebutted, that the transfer was made before maturity. It then devolved upon appellee to overcome this presumption by proof. In this he has failed, as he introduced no evidence to prove that the notes were transferred after maturity, and, on the other side, Mandeville and appellant both swore that they were transferred before they became due; and the instructions properly left the question to the jury whether appellant purchased the notes under such circumstances as charged him with notice of any defense appellee might have to the notes, whether the circumstances were such as would put a prudent man upon inquiry.

To constitute a failure of consideration to a note there must be a warranty of the property, or a false and fraudulent representation of the thing sold. A person selling property in good faith, and without any knowledge that it is defective, and who makes no warranty as to its quality, is guilty of no wrong, and the fact that it is not what the purchaser supposed it was, does not constitute a failure of consideration; but where false and fraudulent representations are made, or a warranty given which is broken, there is, in such cases, a failure of consideration to the extent of the injury sustained. Thus, in *Owings* v. *Thompson*, 3 Scam. 502, it was held that it did not matter what representations were made, if they were in good faith, and the transaction was not tainted with fraud, where there was no express agreement on the subject. Also, in the case of *Myers* v. *Turner*, 17 Ill. 179, it was held that the transfer of an interest in a patent is a sufficient consideration to authorize a recovery on a promissory note given for its purchase, although the invention may be of little practical value. So, in *Kerney* v. *Gardner*, 27 Ill. 163, it was held that a quit-claim deed is a sufficient consideration for a promissory note, in the absence of fraud. And to the same effect is the case of *Burney* v. *Smith*, 17 Ill. 531. These cases establish the rule that, to constitute a failure of consideration, there must be either a warranty or a fraud practiced by the seller.

In this case the pleader seems to recognize the rule, as he avers in the pleas that Mandeville falsely, fraudulently and deceitfully made the representations of which complaint is made. It devolved, then, upon appellee to prove not only that the representations were untrue, but that Mandeville knew they were false. In his sixth instruction a *scienter* is wholly ignored. Under that instruction the jury were required, if they believed the representations were made, and appellant was put upon inquiry by the circumstances of the case, to find for appellee, however honestly they may have been made. To render representations fraudulent, the person making them must know, or have reason to believe them to be false. This instruction

was, therefore, essentially defective, and well calculated to mislead the jury, and should not have been given without a proper modification. For this error, the judgment of the court below must be reversed.

We perceive no force in the objection that the seventh, eighth, ninth and tenth instructions of appellee were not given. The endorsement to appellant vested the legal title to the notes in him. If his brother has any interest in the notes, it is equitable, and a matter of adjustment between them, and with which appellee has no concern. Nor do we find any evidence that the notes were endorsed in blank, and filled up after suit was commenced, even if that could defeat a recovery in this action. For the error above indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*