## Henry Ives Cobb v. Hugh Heron.

1. PRACTICE—*Replication to Pleas of No Consideration.*—Where the pleas raise the question of no consideration between the parties, it is enough to say that privity or consideration between a promisor and a third person who is the beneficiary, need not exist to support a collateral promise, provided there is a valuable consideration for the promise as between the principal parties to the undertaking.

2. CONSIDERATION—*Requisites of a Plea of Failure.*—To constitute a failure of consideration, there must be either a warranty or a fraud practiced by the seller, and such must be averred in the pleas.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court, at the October term, 1897. Affirmed. Opinion filed November 18, 1898.

CHARLES H. LAWRENCE, attorney for appellant.

HILLIS & McCOY, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

Demurrers having been sustained to each of appellant's eight special pleas in bar to appellee's declaration (the common counts and plea of the general issue having been withdrawn), and appellant having elected to abide by his pleas, judgment against appellant was entered, and this appeal is prosecuted.

The substance of the suit involves the effect to be given to the second promise or undertaking made and entered into by the appellant with one George M. Reed, concerning the payment and cancellation of certain notes and acceptances contained in an agreement, as follows:

" APRIL 15th, 1893.

MR. GEORGE M. REED, City.

DEAR SIR: In connection with the assignment by you to me of the lease of the Columbian Fair Excursion Company of the Costello Building, situated at the southeast corner of Fifty-fifth street and Washington avenue, in Chicago, Illinois, said lease being for six months from May 1, 1893, it is understood and agreed that I shall pay you ten per cent of the amounts that may be due me from the Costello Hotel Company on April 1, 1894, on account of ground rents, taxes, insurance and interest on the incumbrance of $50,000, now on said premises, prior to that time, when and as soon as the same are paid to me, payable to me under my agreement with said Costello Hotel Company, dated April 13, 1893.

It is also understood and agreed as part of the further consideration for the assignment to me of said lease, that I shall pay and cancel the notes of P. J. Costello and acceptances by you securing the same, payable out of rents, which have been given to contractors on account of the construction of said buildings, being numbers from one to twenty-one, inclusive, for the total principal sum of $26,020, and also

all insurance now due, and save you harmless therefrom. I also agree, in further consideration of the assignment to me of said lease, to pay you the sum of $5,000 in cash out of the rents which I shall collect on account thereof, on or about the first day of May, 1893, as soon as the same shall be collected by me.

Yours very truly,

Henry Ives Cobb."

The declaration consists of three special counts, from which it appears that one Costello leased to one Mothershead certain premises in Chicago, and that Mothershead assigned the lease to one Reed, and that Reed assumed and agreed to make all payments of rent and perform all the covenants and conditions of the lease, which by the terms of the lease were to be made, kept and performed by Mothershead. That afterward Costello, being indebted to one Waddell upon his three certain promissory notes, aggregating six thousand dollars, drew three certain orders upon Reed in favor of Waddell to secure said notes, and that Reed duly accepted the same, each of said orders being for the amount of one of said notes, and made payable out of rents arising under said lease. The following copy of one of the orders is identical with that of the others, except in date, amount and number:

"Chicago, Dec. 1st, 1892.

George M. Reed:

Please pay to the order of W. G. Waddell, on September 1, 1893, the sum of two thousand five hundred dollars, with interest to September 1, 1893, from rents then due me under the terms of your lease of my building, situated at the southeast corner of Fifty-fifth street and Washington avenue, and charge the same to my account, taking my note for two thousand five hundred dollars of even date herewith, payable to the order of W. G. Waddell. If no rent is then due under the terms of said lease, pay the said amount from rents first thereafter to become due, if any, and not heretofore appropriated.

Yours very truly,

No. 17.                               P. J. Costello."

That afterward, and before the maturity thereof, Waddell assigned and delivered said three notes and accepted orders to the appellee for a valuable consideration; that Reed sublet said premises to the Columbian Fair Excursion Company for a rental largely in excess of the sum which he was to pay to Costello under the Mothershead lease assigned to him, and that he assigned to appellant such sub-lease; and that in connection with such assignment, the appellant upon the consideration therein set forth, and for the use and benefit of the appellee, executed and delivered to Reed the agreement in writing above copied.

The theory of appellee in bringing his suit, and here upon appeal, is that the agreement of appellant in his contract above set forth, is one for the benefit of the holder of the Costello notes and Reed acceptances, and that appellee, as such holder, may maintain his suit under that agreement, and that appellant's promise was an absolute and unconditional one, and not dependent upon his receipt of rentals.

Each of appellant's pleas admits the execution of the several papers mentioned in the declaration, but seeks to avoid their effect against appellant in one way or another.

The effect of certain of the pleas is to insist that appellant, by his said agreement with Reed, only undertook to pay the acceptances of Reed out of rentals from the Columbian Fair Excursion Company which might be due on the dates of the maturity of the acceptances, or which might be due thereafter and not be otherwise appropriated, and that because, as averred, appellant never received any rentals from the Excursion Company, he is not liable. The demurrer admitting the facts of the plea, but not the legal inference, we must examine as to what it was that appellant did promise.

When Reed gave the acceptances he was the assignee and owner of the leasehold interest acquired under the assignment to him of the lease running from Costello to Mothershead, and by the terms of the orders drawn upon him by Costello, and his acceptances thereof, his liability was limited to rentals that might become due from him to Costello

under that Mothershead lease, and his liability had no relation to rentals that should arise to him under his subsequent sub-lease to the Excursion Company. The orders are plain in that regard.

Now, appellant's agreement with Reed must, in the respect we are considering, be understood to refer to something for which Reed was or might be liable, and not to something for which he was not liable.

Appellant says, in his agreement with Reed: "It is also understood and agreed * * * that I shall pay and cancel the notes of P. J. Costello and acceptances by you securing the same, payable out of rents, which have been given to contractors," etc.

Reading that clause of the agreement in connection with the accepted orders, it seems too plain to admit of extended argument that the words "payable out of rents" are merely descriptive of the orders and acceptances upon which Reed was liable, and have no reference to rents accruing to appellant under the sub-lease by Reed to the Excursion Company, for which Reed was in no way liable; and also that the promise by appellant to pay and cancel the notes and acceptances is absolute and unconditional.

Furthermore, the pleas in such regard are bad, because argumentative. The declaration avers that the rentals referred to in the acceptances were such as arose under the Mothershead lease, while the pleas aver that appellant's undertaking was to pay the acceptances out of rents arising under the lease to the Excursion Company.

What we have said may be treated as disposing of the defense that the undertaking of appellant was conditional, a defense which is expressly set up in one or more pleas, and in a measure runs through them all.

Other questions raised by the pleas are, that the acceptances of Reed were given only as collateral security to the notes of Costello; that appellant's agreement was simply a contract of indemnity as between appellant and Reed; that appellee has not used due diligence in collecting the notes from Costello, the maker; failure of consideration, and a release by Waddell to Cobb.

The declaration alleged that appellant's undertaking, by his agreement with Reed, was one for the benefit of third persons who were holders of the notes and acceptances described in the agreement, and a plea alleging that such agreement was one of indemnity merely, as between appellant and Reed, which is a mere argumentative denial of the allegation of the declaration, was clearly bad upon demurrer for being argumentative; and, besides, it was an immaterial plea, in that it tendered an issue upon the agreement, as between appellant and Reed, whereas, the issue raised by the declaration is one between the appellant and the appellee, the holder of the notes and acceptances, for a valuable consideration and before maturity.

A failure of consideration for the agreement made by appellant with Reed is set up in various of the pleas.

What we have already said is a sufficient answer to all such pleas as rely, also, upon what is claimed to be only a conditional liability of appellant, and a failure of the condition.

Wherever the pleas raise the question of no consideration moving from the appellee for the undertaking of appellant, it is enough to say that privity or consideration between a promisor and a third person who is the beneficiary, need not exist to support the promise, provided there is a valuable consideration for the promise as between the principal parties to the undertaking. Dean v. Walker, 107 Ill. 540; Bay v. Williams, 112 Ill. 91.

Here in this case the assignment to appellant of the Excursion Company lease was the consideration for his promise to pay the notes and acceptances, and the fact that the consideration moved from Reed, and not from appellee, in no manner interferes with the right of appellee to maintain his action upon the promise made for his benefit.

Wherever the alleged failure of consideration rests upon the averment that the sole consideration for the agreement, by appellant with Reed, was the assignment by Reed to appellant of the rentals reserved under the lease to the Excursion Company, and that no rentals were ever paid

thereunder, and that the company became insolvent and made a general assignment for the benefit of its creditors, and that the estate has never paid or been able to pay any dividend whatever, we may say that the plea admits the assignment to appellant of the lease to the Excursion Company, and while it may be true that appellant received no benefit under the assignment, yet he does not aver that he did not get all he bargained for, nor does he aver that there was a warranty by Reed that the rentals would be paid. or that Reed practiced any fraud upon him.

To constitute a failure of consideration, there must be either a warranty or a fraud practiced by the seller, neither of which is averred in any of the pleas.   Richards v. Betzer, 53 Ill. 466.

The plea of release by Waddell, the payee named in the notes and acceptances, to the appellant, admits that appellant's agreement with Reed " was not made until long after the plaintiff (appellant) became the owner of said notes and acceptances," and then proceeds to set up what is averred to amount to a release by Waddell.

We regard the plea as entirely immaterial.

In argument, counsel for appellant concedes knowledge by appellant that appellee was the owner and holder of the notes and acceptances when the agreement, averred to amount to a release, was made between appellant and Waddell, and insists that at the same time appellant knew, or was bound to know, that the orders were not negotiable; and the conclusion of the argument is that they not being negotiable, appellant might safely pay Waddell and be protected by his release.

If there be any law—and we have been cited to none—to support a proposition so unsound in law and so opposed to sound morals, we do not know it.

Upon the whole record we find no substantial error, and the judgment of the Circuit Court is affirmed.