## Isaac Stein, Defendant in Error, v. Isaac Deutsch, Plaintiff in Error.

### Gen. No. 17,225.

1. CONTRACTS—*when third person to be benefited may maintain action.* Where a debtor delivers to defendant certain property to be sold and proceeds distributed among the creditors, and one of the obligations, a note guarantied by plaintiff is not paid, plaintiff having paid it may maintain an action against defendant.

2. STATUTE OF FRAUDS—*contract for benefit of third persons.* Where defendant receives a debtor's property and agrees to distribute the proceeds among his creditors, there is an original undertaking and the statute of frauds does not apply.

3. EVIDENCE—*cross-examination.* On cross-examination an objection to a question concerning a matter not material to the issues and not testified to on direct examination is properly sustained.

·Error to the Municipal Court of Chicago; the Hon. HARRY OLSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 9, 1913.

SIMON LA GROU, for plaintiff in error.

DELBERT A. CLITHERO and JAMES H. DUNN, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Moses A. Freilich owed his wife $200, Herman Deutsch $300 and the Metropolitan Trust and Savings Bank of Chicago $300, for which it held his note, the payment of which was guaranteed by defendant in error, Isaac Stein. Freilich was in financial difficulties and turned over to one Isaac Deutsch, who was his wife's brother, merchandise of the wholesale value of $835.35. Defendant in error says these goods were sold and delivered to plaintiff in error in consideration of his promise to pay the above named obligations. Plaintiff in error claims the goods were delivered to be sold and the proceeds only whatever

the same should be were to be distributed among the named creditors. Plaintiff in error did not pay the debt to the bank guaranteed by defendant in error. Defendant in error paid the note and brought suit on the contract claimed to have been made between plaintiff in error and Freilich for his benefit. The court, tried the case without a jury, found the issues for defendant in error and assessed his damages at the full amount paid by him in the satisfaction of the note. Judgment was entered on the finding and this writ of error brings the record in that case here for review. The question presented to this court for review is whether the finding is supported by, or is against, the weight of the evidence. A review of the testimony of the witnesses for the respective parties would not be useful. It is conflicting. The finding must not be disturbed unless it is manifestly against the weight of the evidence. A careful examination of the record discloses sufficient evidence, we think, to sustain the finding. While it is conflicting, it strongly tends to show that the $835.35 worth of goods were delivered to plaintiff in error by Freilich upon and in consideration of the promise of plaintiff in error to pay the debts above enumerated. This, we think, was an original, independent undertaking based upon a valuable consideration, and was enforceable by the persons who were to be benefited thereby, of whom defendant in error was one. Eddy v. Roberts, 17 Ill. 505; Bay v. Williams, 112 Ill. 91; Harts v. Emery, 184 Ill. 560; Cobb v. Heron, 180 Ill. 49; Webster v. Fleming, 178 Ill. 140. To that sort of contract the statute of frauds has no application. While the proof in this record might possibly have been found sufficient to sustain a finding for plaintiff in error, it is certain the one made is not so manifestly contrary to the evidence as to warrant a reversal of the judgment.

Only one complaint is made to the rulings of the court on the admission of evidence. This was during the cross-examination of Freilich, when he was asked

by counsel for plaintiff in error, "And you bought only cheap lines and misfits to sell to that trade?" An objection was made by counsel for defendant in error and was sustained by the court. There was no error in so doing. It was not a subject about which he had testified in chief. Neither was it in any way material to the issues in the case.

The judgment of the Municipal Court is, therefore, affirmed.

*Judgment affirmed.*