(No. 77-CC-0191—)

HUBERT FREDERICK BATES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 13, 1980.*

HOLDERMAN, J.

Hubert Frederick Bates was employed by the Illinois Department of Corrections as a Youth Supervisor III. His place of employment was Pere Marquette State Boys Camp. He began his employment in June 1968.

While employed, he joined the Illinois Municipal Employees Association. In an early month in 1973, he was offered an opportunity to purchase a disability income insurance policy through his membership in the Illinois Municipal Employees Association. He accepted the offer and made the necessary application and in addition thereto, signed a State of Illinois Insurance Deduction Authorization card, whereby the State of Illinois agreed to deduct the premiums from Mr. Bates' pay. On March 1, 1973, he was issued a Disability Insurance policy by Horace Mann Insurance Company which would in essence pay him $500.00 per month for 12 months in the event Mr. Bates became disabled and unable to work. Payroll deductions were made by the State of Illinois as requested. In addition to the deductions for the Horace Mann Insurance, Mr. Bates had other payroll deductions for insurance. Among them was Blue Cross-Blue Shield. In September of 1973, he cancelled the deduction for Blue Cross-Blue Shield and made application for Golden Rule hospitalization insurance. At no time did he cancel the deductions for the Horace Mann Disability Insurance. At this point Harriet Jordan, a payroll clerk for the Department of Corrections, erred and cancelled the deductions for Mr. Bates' Horace Mann Disability Insurance. However, for a period of four to five months the new deductions for Golden Rule Hospitalization Insurance went to the Illinois Municipal Employees Association to pay for Mr. Bates' Horace Mann Policy. Eventually the State of Illinois realized that the Golden Rule Deductions were going to the Illinois Municipal Employees Association for the disability policy, and the deductions were then transferred to Golden Rule. Apparently even at this point the State of Illinois never realized its error in cancelling Mr. Bates' Horace Mann Disability Policy, for it never notified Mr. Bates of the mistake. In the meantime, on January 1, 1974, the Horace Mann

Disability Policy was transferred to Sentry Life Insurance Company of which Mr. Bates was notified and in fact received a policy to that effect. In March of 1974, Mr. Bates became ill. He never returned to work and is now considered to be totally disabled and is receiving disability retirement pay from the State of Illinois. In the summer of 1974, Mr. Bates made application for disability payments pursuant to the terms of his Sentry Life Insurance Company Disability Policy. Payment was refused in that the premium had not been paid.

The Claimant instituted a law suit against Sentry Life Insurance Company in the Circuit Court of the Seventh Judicial District in Jersey County, Illinois. This case was settled in Claimant's favor before going to trial. Claimant now seeks an additional award against the State of Illinois in the amount of $2,000.00.

The issues before the Court concern the contractual relationship between the Claimant and the appropriate agents of the State of Illinois.

Where a person makes a promise to another based on valid consideration, for the benefit of a third person, such third person may enforce the contract without any proof of any consideration flowing from such third person. See *Cobb v. Herron* (1899), 180 Ill. 49, 54 N.E. 189. Even though this case as well as others cited by Claimant are rather ancient, they seem to define that part of the law of contracts involved in this case.

The State breached its duty to Claimant in not deducting the Horace Mann-Sentry premium.

An award of $2,000.00 is made to Claimant, Hubert F. Bates.