SYLVANUS FERRIS

*v.*

JOHN E. McCLURE *et al.*

1. CROSS-BILL — *defense arising after issue joined.* After a cause in chancery is at issue, if any matter of defense arises, the only mode in which a defendant can avail himself of it is by cross-bill.

2. SAME — *where the defendant has obtained a release.* So where a defendant in chancery has obtained a release after the cause is at issue, he should set it up by cross-bill, and not by motion to dismiss the suit. The court should not undertake to hear and determine the case upon the validity of the release without pleading.

3. EVIDENCE IN CHANCERY — *should not be taken ex parte.* Where the validity of a release obtained by a defendant in chancery after issue formed, is brought in question, the question should not be determined except upon pleading, and upon proofs made in the usual way, allowing of the cross-examination of witnesses.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. A. L. MERRIMAN, Judge, presiding.

On the sixth day of September, 1848, Sylvanus Ferris exhibited his bill in chancery in the court below, against John E. McClure, John Reynolds, and one J. P. Hotchkiss, who has since died.

The parties to the suit were copartners, and the object of the bill was to obtain an account in reference to their partnership business.

The defendants answered the bill, and a replication was filed. In March, 1861, a special master was appointed to take proofs, and in October, 1862, the master made his report.

Subsequently, on the 9th day of October, 1862, the defendants entered their motion to dismiss the suit according to the terms of the following agreement, which was filed:

"Whereas, I, Sylvanus Ferris, of the county of Henry and State of Illinois, did, on the sixth day of September, A. D. 1848, file in the Circuit Court of Peoria, Illinois, in chancery, a bill for account against Joshua P. Hotchkiss, John E. McClure, and John Reynolds; and whereas, William L. Moss, Jr., has,

for said defendants, paid me the sum of five hundred dollars, the receipt of which I hereby acknowledge, I, Sylvanus Ferris, do, in consideration thereof, agree that said suit may be dismissed, but at the costs of said defendants, and I do hereby acknowledge full satisfaction of all claims whatsoever, as well in equity as otherwise, which I have against the said defendants, or any or either of them, it being the understanding that a certain note heretofore given by me to Martin & Houghton for lumber, supposed to be in 1847, and taken up by said defendants, shall be considered as settled and accounted for in this settlement, said note supposed to be for seven hundred and thirty-five dollars, and that this shall be considered as a final settlement of all notes and accounts growing out of any transactions by any of said partners, while said firm was in existence, as far as said Ferris is in any way concerned or liable.

In witness whereof, I have hereunto set my hand this twenty-second day of August, 1862.

. SYLVANUS FERRIS.

COOPER & MOSS, *Att'ys for J. P. Hotchkiss & bal.*

The complainant thereupon entered his cross-motion to set aside said agreement, alleging that it was obtained from him by misrepresentation and concealment of the condition of the case. Affidavits were read in reference to these motions by the respective parties; and in June, 1863, upon a hearing of the motions, the court overruled the cross-motion of the complainant. Whereupon, the complainant entered his motion to strike said agreement from the files for certain reasons stated in his affidavits, and for the further reason, that he then refused to have the cause dismissed on that agreement. This motion the court also overruled, and dismissed the bill.

The complainant thereupon sued out this writ of error. The only question arising upon the record is, whether the defendants sought to avail themselves of the alleged release in the proper mode.

Messrs. McCULLOCH & TAGGART, for the Plaintiff in Error.

Messrs. GROVE & COOPER, for the Defendants in Error.

MR. JUSTICE BECKWITH delivered the opinion of the Court:

After a cause is at issue, if any matter of defense arises, the only mode in which a defendant can avail himself of it is by a cross-bill. Story's Eq. Plead., sec. 392. The defendants should have filed a cross-bill setting forth the release, and obtained a rule upon the complainant for answer thereto. The complainant would then have had an opportunity to deny the execution of the release, or to admit it and set up matters in avoidance. A replication to such answer would have put the validity of the release in issue. Such proofs as the parties desired to introduce in regard to it should have been made in the usual manner. The court below improperly undertook to hear and determine the case, upon the validity of the release, without pleadings, and upon evidence taken in a manner not allowing of the cross-examination of the witnesses. *Askew* v. *Millington*, 9 Hare, 65. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*