58 191
140 37

THE COUNTY COURT OF MACOUPIN COUNTY

*v.*

THE PEOPLE *ex rel.* THE TOLEDO, WABASH AND WESTERN RAILWAY COMPANY.

1. MANDAMUS—*of the pleadings—on demurrer to petition—what held to be sufficient statement of facts—showing that the consolidation of two certain*

*corporations was legal.* By authority of the legislature, the county court of Macoupin county subscribed $20,000 to the capital stock of the Decatur & East St. Louis railroad company, and by the terms of the subscription it was agreed that the county should issue its bonds to said company in payment therefor ; the bonds to be delivered when the road was completed through the county, and when so delivered, the stock should be delivered to the county, and the same should thereupon be transferred to the company at the rate of one dollar per hundred shares. Afterwards, said corporation consolidated with the Toledo, Wabash and Western railway company, which latter corporation instituted a proceeding, to compel, by *mandamus*, the county court to issue said bonds, and also, to transfer the said stock to petitioner, for the price stipulated. By agreement, the alternative writ was waived, and thereupon a demurrer was interposed to the petition : *Held*, that an objection, that the petition does not state sufficient facts, to enable the court to determine the legality of the alleged consolidation, could not be sustained, it appearing that the petition does aver, that the original corporation consolidated with the petitioner, and thereby succeeded to all the rights, franchises and property of the former corporation. This averment is sufficient, and the legal intendment is, that the consolidation was in accordance with the law.

2. SAME—*validity of consolidation—how determined.* The validity of the act, between the two corporations, can only be determined after an issue made, by a proper return to the alternative writ.

3. SUBSCRIPTION TO STOCK—*construction of, in a particular case.* That by the express terms of the subscription made in this case, the county was entitled to the stock of said corporation, upon the delivery of the bonds.

4. STATUTES—*construction of certain acts authorizing the subscription.* The act of the legislature of 1867, incorporating the original company, and the amendatory act of 1869, clearly intend that not only the completion of the road, but the stock also, shall constitute the consideration of the bonds, and these acts do not expressly, or impliedly authorize a donation of the stock, but simply permit a sale thereof.

5. FRAUD—*agreement to sell stock subscribed in aid of a railroad for a grossly inadequate price—under what circumstances a fraud.* That in such case, an agreement to sell and transfer stock to the amount of $20,000, for two dollars, is a fraud *per se;* and this court can not recognize or enforce it, as valid or obligatory.

6. MANDAMUS—*what must exist before peremptory writ can be awarded.* Before a peremptory writ of mandamus can be awarded, there must exist both the duty and the obligation to perform. The writ must show a right to the thing demanded.

7. SAME—*must be an unconditional demand.* There must also be a demand for the specific thing, which ought to be done, untrammelled by any condition which may make the refusal qualified, instead of absolute.

8. SAME—*in proceeding by—what will not be regarded as sufficient demand.* Upon this principle, the demand made in this case was conditional and unwarranted by the law and the rights of the parties, the bonds having been demanded, and the stock tendered to the county authorities, coupled with the condition, that said stock should be immediately transferred back to the company.

APPEAL from the Circuit Court of Macoupin county; the Hon. HORATIO M. VANDEVEER, Judge, presiding.

Messrs. L. DAVIS, J. I. RINAKER and C. A. WALKER, for the appellant.

Messrs. DALE & BURNETT, for the appellees.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

This is a proceeding to compel, by mandamus, the performance of certain duties by the county court.

By agreement, the alternative writ was waived; and upon petition and demurrer, a judgment *pro forma* was rendered by the circuit court, awarding the peremptory writ.

The error assigned is, that the court improperly overruled the demurrer.

To a correct comprehension of the case, it is necessary to recite certain averments in the petition, which by agreement, stand in place of the alternative writ.

The county court, at its March term, 1869, by authority of certain acts of the Legislature, empowered the county judge and the clerk of the court, to subscribe twenty thousand dollars, to the capital stock of the Decatur and East St. Louis railroad company.

The following is the subscription, entered on the books of the company:

"The county of Macoupin hereby subscribes two hundred shares, of one hundred dollars each, to the capital stock of the Decatur and East St. Louis railroad company, in payment for which the county shall issue its bonds to the said railroad company, running twenty years from the date of issue, bearing

13—58TH ILL.

interest at the rate of eight per cent per annum, payable annually on interest warrants attached to the bonds—said bonds to be delivered upon the subscription, when the railroad shall be completed through Macoupin county; and when said bonds shall be so delivered to said company, and the stock thereon shall be so delivered to said county, the said stock shall thereupon be sold, assigned and transferred to said railroad company, at the rate of one dollar for each one hundred shares of stock."

The averment, as to the tender of the stock, is as follows:

"Your petitioner tendered to the county court a certificate for two hundred shares of stock in the Decatur & East St. Louis railroad company, and requested the county court to issue to your petitioner said bonds for twenty thousand dollars, and also then and there tendered to said county court the sum of two dollars, and requested the county court, when the bonds should be issued and said certificate of stock received, that it receive said sum of two dollars, and transfer the certificate of stock to your petitioner."

The petition further avers, that the company still has ready the certificate of stock and the sum of two dollars, to be delivered according to the terms of subscription; and concludes with the prayer that upon the delivery of the stock and the payment of two dollars, a writ of mandamus may issue, commanding the county court to issue the bonds and assign and transfer the stock to the company.

The objections urged are two, or may be embraced under two heads:

*First.* That the petition does not aver sufficient facts to enable the court to determine the legality of the alleged consolidation between the original corporation and appellee. The petition does aver, that the one company consolidated with the other; and thereby appellee succeeded to all the rights, privileges, franchises and property of the first company. This is sufficient. The legal intendment is, that the consolidation was in accordance with the law. The validity of the act between

the corporations, can only be determined after an issue made, by a proper return to the alternative writ.

The other objection is, that the tender of the stock was conditional, not absolute, and that the agreement as to its transfer was a fraud upon the law.

Upon the issue of the bonds, the county was entitled to a certificate of stock to the amount of twenty thousand dollars. Such are the plain terms of subscription. It was clearly the intention of the statutes which authorized the subscription, that not only the completion of the road, but the stock also, should constitute the consideration of the bonds. One of the purposes of the creation of the corporation was, to issue stock in payment of subscription; and the subscription expressly provides, that the stock shall be delivered to the county when the bonds are delivered to the corporation.

Upon the delivery of the bonds, the county was legally entitled to the stock. The acts, to which we have been referred, do not expressly, or impliedly, authorize a donation of the stock, they only permit a sale. The agreement to sell and transfer stock, to the amount of twenty thousand dollars, for two dollars, is a fraud *per se.* It is a mere evasion, and we can not recognize or enforce it, as valid or obligatory. It is unconscionable, in every view, and in giving it our sanction we should be false to the trust, to guard the rights of all.

Before a peremptory writ of mandamus can be awarded there must exist both the duty and the obligation to perform. The writ must show a right to the thing demanded. There must also be a demand for the specific thing which ought to be done, untrammelled by any condition which may make the refusal qualified, instead of absolute.

What are the facts? Was the tender of the stock unconditional?

Stripped of some verbiage, the plain reading of the demand was, that a certificate of stock was tendered, and the bonds demanded; but when the bonds are issued and delivered, and the stock received, the latter must be returned to the company,

upon payment of two dollars. The condition, coupled with the tender, was unwarranted by the law and the rights of the parties. We can not say, under the circumstances, that the authorities of the county might not have delivered the bonds, if there had been no request or demand for a surrender of the stock, without any consideration.

In the exercise of a sound discretion, our opinion is, that the writ of mandamus should not be awarded.

The judgment is reversed and the proceedings remanded.

*Judgment reversed.*