RICHARD MILLS

*v.*

NANCY LARRANCE.

*Opinion filed October 19, 1900.*

1. PLEADING—*release executed after suit begun is properly set up by cross-bill.* A release and stipulation, executed between the complainant and defendants to a chancery suit after suit begun, are properly set up by cross-bill, and if the same have been improperly obtained, or ought not, for any reason, to be enforced, such matters should be set up by way of answer to the cross-bill.

2. SAME—*cross-bill setting up sealed release need not aver consideration.* A cross-bill setting up a release under seal, executed by the complainant after suit begun, is sufficient on its face without an allegation of a consideration for the release, since the seal imports consideration; but the seal is no bar in equity to an issue as to the absence of consideration.

APPEAL from the Circuit Court of Vermilion county; the Hon. F. BOOKWALTER, Judge, presiding.

SALMANS & DRAPER, for appellant.

O. M. JONES, and G. F. REARICK, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill brought by appellee for dower in one hundred and forty acres of land in Vermilion county, of which her late husband, Moses L. Larrance, died seized in 1896. The defense was that by his will duly executed in 1894 Moses L. Larrance had made a devise of other lands,—a farm of two hundred acres on which he and the complainant resided,—to her for life, with remainder to John Larrance and Emily Canady, two of their nine children, and had provided that the rest of his land, said one hundred and forty acres, upon his death should be sold by his executor and the proceeds divided among all of his children; that afterward, fearing that his will might be contested and desiring that complainant should be

comfortably provided for during her life, he and complainant joined in making deeds of conveyance of said two hundred acres to said John Larrance and Emily Canady upon their agreement (a verbal one) that they would furnish him and the complainant, for their lives and for the life of the survivor, a home and comfortable support; that these deeds were delivered in 1896, shortly before his death; that said grantees had complied with their agreement and had at all times since furnished the complainant a good, comfortable home and support at the home of said Emily Canady, where she, the complainant, had since resided and been supported and provided for; that the complainant entered into, fully understood and acquiesced in the arrangement by which she acquired said home with her daughter and the provision for her support, and joined with her husband in the execution of said conveyances knowingly and with the view of carrying out the understanding aforesaid; that upon the death of Moses L. Larrance his executor duly qualified, and sold and conveyed according to the will the one hundred and forty acres in question to appellant, Richard Mills, for $6990; that afterward, in February, 1899, Mills sold one hundred and twenty of the one hundred and forty acres to John Ashby, and gave him a bond for a deed therefor, and in March, 1899, conveyed the remaining twenty acres to Mary J. Larrance; that in 1898, after Mills had obtained title to the one hundred and forty acres from the executor, the complainant, in order to perfect his title and carry out the intentions of her deceased husband, executed, acknowledged and delivered to Mills a quit-claim deed for said one hundred and forty acres and thereby fully released her dower in said land. To avoid this deed the complainant alleged, and the master in his report and the chancellor in the decree found, that it was obtained by fraud and undue influence. Her deed was accordingly set aside and a decree was rendered for dower, as prayed in her bill. But from the view we take

of the case it will not be necessary to consider the case as made by the complainant under her bill.

After the master had taken and reported the evidence and his conclusions thereon, which were favorable to the complainant, she entered into a written stipulation with the defendants to the bill, properly entitled in the cause and duly signed and sealed by her and by them, to dismiss the suit at her own costs, and agreeing therein that all actions and causes of action between them were thereby forever settled, and that the agreement should be a full and complete bar and defense to any suit on account of the cause of action set forth in her bill and to any other suit whatever. The final clause of the stipulation was as follows:

"Witness the hands and seals of said parties this second day of November, A. D. 1899.

| | | |
|---|---|---|
| Witness to signature by mark: J. H. LEWMAN. | NANCY X LARRANCE, her mark. | [Seal.] |
| | RICHARD MILLS, | [Seal.] |
| | JOHN ASHBY. | [Seal.]" |

At the same time Emily Canady executed the following writing:

"In consideration of the settlement above specified, and other good and valuable considerations heretofore passed between M. L. Larrance and Nancy Larrance and Emily Canady, I, Emily Canady aforesaid, do hereby stipulate and agree to take and keep the said Nancy Larrance, and board, clothe and properly support and care for, and furnish her a good, substantial and comfortable home and medical attendance and assistance, for and during the natural life of her, the said Nancy Larrance.

"Witness my hand and seal this second day of November, A. D. 1899.                          EMILY CANADY.   [Seal.]"

This writing was attached to the stipulation and the whole was placed on file in the cause by the defendants, who thereupon moved the court to dismiss the suit. The complainant, by her solicitors, objected, and after considering the affidavits filed by the respective parties the court overruled the motion but gave the defendants leave

to file their cross-bill, and in that way to bring before the court in the case the alleged settlement and release. The cross-bill was filed, which, after reciting the previous proceedings in the cause except the motion to dismiss, alleged that subsequent to such proceedings the complainant and the defendants made and entered into a stipulation to settle said cause and to dismiss the same at the costs of the complainant, which said stipulation was filed in said court on the 13th day of November, 1899. The said agreement was then set out *in hæc verba* in the cross-bill, showing the execution thereof by the parties under seal. The cross-bill also alleged that, in consideration of said settlement and stipulation to dismiss the suit, said Emily Canady entered into the aforesaid written agreement on her part for the maintenance of said Nancy Larrance during her life, and which was attached to and filed with said stipulation of complainant. The prayer of the cross-bill was that the bill of complaint be dismissed at complainant's costs, pursuant to the stipulation, and for other relief. The complainant's demurrer to the cross-bill was sustained by the court and the cross-bill was dismissed for want of equity.

It was proper practice to set up the alleged release and stipulation by way of cross-bill; (*Ferris* v. *McClure*, 36 Ill. 77; *Dunham* v. *Dunham*, 162 id. 589;) and we are of the opinion that the cross-bill was sufficient on its face to require answer from appellee. The matters set up in the affidavit filed on the motion to dismiss could not, of course, have been considered on the hearing of the demurrer, and if the stipulation was improperly obtained, or ought not for any sufficient reason to be carried into effect by a court of equity, such matters should have been pleaded and supported by evidence.

It is insisted by counsel for appellee that the cross-bill was defective in not alleging any consideration for the making of the stipulation by her. It is certainly true that the allegation that Emily Canady signed the

writing above set out, and which was attached to the stipulation, in consideration of the stipulation by the complainant, was not an allegation that complainant's stipulation was entered into by her in consideration of said agreement by Emily Canady. But the stipulation recites, and shows on its face, that it was entered into by the complainant, Nancy Larrance, and the defendants, Richard Mills and John Ashby, the only parties to the suit, and was under seal; and the rule is, that where the contract is under seal the seal imports a consideration, and it need not be averred in the declaration that there was a consideration for the contract. (1 Shinn's Pl. & Pr. sec. 516; 6 Am. & Eng. Ency. of Law,—2d ed.—762.) We know of no rule or reason why greater strictness in equity pleading should be required than in pleadings at common law. The seal is presumptive evidence of a sufficient consideration to support the contract of settlement. (73 N. W. Rep. 29.)

Appellee cites 1 Pomeroy's Equity Jurisprudence (secs. 383, 371,) as supporting her contention that in equity there must be an actual consideration for the contract, which must be alleged and proved. We do not so understand the citation referred to. True, the author says: "Equity, disregarding such forms and looking at the reality, always requires an actual consideration and permits the want of it to be shown notwithstanding the seal, and applies this doctrine to covenants, settlements and executory agreements of every description." Undoubtedly, in the case at bar the complainant might have answered and shown by proof, if such was the fact, that there was no consideration for the agreement; but it does not follow that the agreement was not sufficient on its face without any proof being made, in the first instance, by the party relying upon it that there was a sufficient consideration to sustain it. If, on the hearing of the issue on the cross-bill, the cross-complainants might give in evidence the agreement without proof of a considera-

tion, then no allegation of consideration in the cross-bill would be necessary. That which is not necessary to be proved is not necessary to be alleged. In *Jackson, etc. Railway and Navigation Co.* v. *Hooper*, 160 U. S. 514, it was held that a declaration in covenant setting out the sealed instrument, which showed that the instrument was under seal, sufficiently alleged that the instrument was under the seal of the company; and we do not understand in the case at bar that counsel claim that the cross-bill was insufficient because it did not in its allegations, aside from the instrument itself, allege that it was under seal, but the point insisted upon is, that, notwithstanding the instrument set up was executed and sealed by the parties and so alleged, good pleading in equity requires that a sufficient consideration should also have been alleged. We do not so understand the rule. Undoubtedly, in equity the seal would be no bar to an inquiry by the court, nor to an issue between the parties, as to the consideration, but if the defendant to the cross-bill desired such an inquiry or issue she should have set the matter up in her answer.

We are of the opinion that the cross-bill was sufficient on its face, and that the court erred in sustaining the demurrer and in dismissing it. It follows, also, that the court erred in its final decree granting the relief prayed for in appellee's bill of complaint.

The decree will be reversed and the cause remanded, with directions to overrule the demurrer to the cross-bill and for further proceedings not inconsistent with the views we have expressed.      *Reversed and remanded.*