## Theresa Ruppert, Defendant in Error, v. Mary Frauenknecht, Plaintiff in Error.

### Gen. No. 14,305.

1. CONTRACTS—*effect of seal.* A seal is presumptive evidence of a sufficient consideration to support a covenant to pay, and the burden is upon the other party to show that there was no consideration therefor.

2. CONTRACTS—*what consideration will support.* The execution of an instrument by a party not obligated to execute the same, the execution of which instrument enables the collection of money without suit, is a valid consideration to support an obligation to pay money.

3. ASSUMPSIT—*when lies, at instance of third party, upon sealed instrument.* A person for whose benefit a promise to pay has been made by a sealed instrument may maintain assumpsit thereon in her own name.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. THOMAS B. LANTRY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1908. Affirmed. Opinion filed January 26, 1909.

**Statement by the Court.** This writ of error brings before us for a review a judgment of the Municipal Court for $255 and costs, recovered by the defendant in error against plaintiff in error in an action of the fourth class, on the following instrument in writing, under seal:

"It is hereby stipulated and agreed between Mrs. Mary Frauenknecht, and Mrs. Theresa Jaeger, formerly Miss Theresa Frauenknecht, both of Chicago, Illinois, that in consideration of one dollar in hand paid to Mrs. Mary Frauenknecht, the receipt of which is hereby acknowledged, and other valuable considerations, Mrs. Mary Frauenknecht is to pay to the niece of Mrs. Theresa Jaeger, Mrs. Theresa (Teda) Ruppert, the sum of two hundred and fifty-five dollars ($255.00) out of the money received by her, said Mary Frauenknecht, from the Supreme Lodge, Knights and Ladies of Honor, upon the Relief Certificate No. 305

issued in the name of Adolph Mueller (Dec'd.) member of Select Lodge No. 1285, said money to be paid immediately upon the receipt of said relief benefit money by Mrs. Mary Frauenknecht.

Dated Chicago, Illinois, October 12, 1907.

MARY FRAUENKNECHT    (SEAL)
THERESA JAEGER    (SEAL)

Signed and sealed in the presence of
A. A. WIEBER.''

Adolph Mueller married the widow Frauenknecht, who then had two children, Gustav and Theresa. He became a member of the Knights and Ladies of Honor, a fraternal benefit association, and a benefit certificate for $2,000 was issued by said association payable, at his death, to his step daughter, Theresa Frauenknecht, now Theresa Jaeger. In 1898 Gustav Frauenknecht had consumption, and it was decided to send him to Mexico. His wife, the defendant, agreed with his sister Theresa, that on the assignment by Theresa to her of said benefit certificate on the life of Mueller, she would furnish to her husband Gustav the sum of $500 to enable him to go to Mexico.

Theresa then executed a formal assignment, dated June 18, 1898, to the defendant, of all her interest in said benefit certificate. Some months before October 12, 1907, Adolph Mueller died. The Supreme Lodge refused to pay to the defendant the amount of said benefit certificate unless the original beneficiary, Theresa Jaeger, made another assignment to defendant. This Theresa refused to do, except on condition that the defendant pay out of the proceeds of said certificate $255 to Theresa Ruppert, a step-daughter of the defendant and niece of Theresa Jaeger. This proposition was accepted by the defendant, and pursuant thereto Theresa Jaeger executed a new assignment of said benefit certificate to the defendant, receipted the certificate and she and the defendant executed the instrument sued on. The benefit society, on the surrender of the receipted benefit certificate, and the new assignment thereof, paid to the defendant the full amount of

said certificate.   The defendant then, on demand, refused to pay to the plaintiff the $255 she had, by said instrument, covenanted with Theresa Jaeger to pay to her, and to recover that sum this suit was brought.

SAMUEL G. GRODSON and BENJAMIN T. ROODHOUSE, for defendant in error.

EDWIN F. ABBOTT, for plaintiff in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Although the instrument sued on is under seal, under our statute, the plaintiff may sue thereon in her own name.   Dean v. Walker, 107 Ill. 540, 546.   The instrument sued on is under seal and recites a consideration.   The seal is presumptive evidence of a sufficient consideration to support the covenant to pay the plaintiff the amount defendant covenanted to pay to her, and the burden was on the defendant to show that there was no consideration therefor.   Mills v. Larrance, 186 Ill. 635; McFarlane v. Williams, 107 id. 33.

The contention of plaintiff in error is, that Theresa Jaeger, then Theresa Frauenknecht, by the assignment of June 18, 1898, assigned to the defendant all her interest in said benefit certificate and therefore had no right to any part of the proceeds thereof; that she took advantage of her position and obtained the contract sued on; that such contract is unconscionable and cannot be enforced either at law or in equity.   In support of this contention counsel cite Caplice v. Kelley, 27 Kansas, 359, S. C. sub. nom.   Kelley v. Caplice, 23 id. 337, Macoupin County v. The People, 58 Ill. 191, and Radloff v. Haase, 196 id. 365.   In the case last cited it was held that the amount stipulated to be paid on the breach of a certain contract must be regarded as a penalty and not liquidated damages.   Macoupin County v. The People was a proceeding in mandamus, and it was said that, "in the opinion of the court in the

exercise of a sound discretion the writ of *mandamus* should not be awarded." In the Kansas case the assured and the beneficiary had, for full value, joined in the assignment of an ordinary life insurance policy and the assignee had the right and power to collect the policy from the company. For signing a new receipt the beneficiary demanded and received an agreement from the assignee to pay her merely one third of the proceeds of the policy, and this agreement the court refused to enforce.

We do not find in this record the benefit certificate, the charter of the Society, nor its constitution or by-laws, nor anything to show in what state the society was incorporated. Such a society may, by its charter, constitution, or by-laws, place limitations on the right of a beneficiary to assign a benefit certificate during the life of the member, and we cannot, on the evidence in this record, say that the assignment by the beneficiary of the benefit certificate to the defendant in the lifetime of the member gave to the defendant the right to collect the amount of the certificate from the society.

In Cooke v. Murphy, 70 Ill. 95, it was said, p. 99: "The rule is familiar that one promise is a sufficient consideration to support another, and that where a person does any act beneficial to another, or agrees to do so, that forms a sufficient consideration to support an agreement."

In Train v. Gold, 5 Pick. 384, Wilde, J., said: "If a contract is deliberately made without fraud, and with a full knowledge of all the circumstances, the least consideration is sufficient."

In Wilkinson v. Oliveria, 1 Scott, 461, the giving by the defendant to the plaintiff of a certain letter by means of which he was enabled to end disputes which had arisen between himself and third parties, was held a sufficient consideration for defendant's promise to pay plaintiff 1000£. See also Sturlyn v. Albany, Cro. Eliz. 67, cited in 1 Chitty on Con., 32, where the show-

ing of a deed whereby a suit was avoided was held a sufficient consideration for a promise.

Mrs. Jaeger was under no legal obligation to make a new assignment of the certificate or to acknowledge payment thereof. She did those acts at the request of the defendant and they were beneficial to the defendant for they enabled her, without suit, to collect the certificate. The contract sued on was deliberately executed, without fraud and with full knowledge of all the circumstances, and we think the trial court did not err in enforcing the covenant of the defendant to pay $255 to the plaintiff.

The judgment will be affirmed.

*Affirmed.*