SARAH E. HEMMICK, Admx., Appellant, *vs.* THE BALTIMORE AND OHIO SOUTHWESTERN RAILROAD COMPANY, Appellee.

*Opinion filed April 23, 1914.*

1. RAILROADS—*contract that acceptance of benefits from relief department shall release cause of action is valid.* A contract is valid by which an employee agrees that the acceptance of benefits in the relief department of the employer and the payment by the employer of the amount stipulated to be paid by the relief department shall operate as a release of any cause of action that might otherwise be maintained against the employer.

2. RELEASE—*a release under seal imports consideration—impeachment.* A release under seal imports consideration, and the fraud which will impeach such a release in an action at law must relate to the execution of the instrument and not merely to the nature and extent of the consideration.

3. SAME—*party signing release need not be named in body of the instrument.* A person who signs a release under seal becomes a party to the instrument, and it is not necessary that he be named in the body of the instrument.

4. SAME—*when application and certificate of membership in relief department need not be proved.* If a release under seal recites that the application for membership in the relief department and the regulations of such department make the acceptance of benefits a release of all claims on account of the injury received. it is not necessary that the application and certificate of membership in the relief department be introduced in evidence.

263 — 16

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

ALONZO HOFF, and A. SALZENSTEIN, for appellant.

GRAHAM & GRAHAM, (EDWARD BARTON, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Appellant, as administratrix of the estate of David O. Hemmick, deceased, brought this action in case against the Baltimore and Ohio Southwestern Railroad Company to recover damages for the alleged wrongful death of her husband through alleged negligence of the railroad company. At the close of all the evidence the circuit court directed a verdict of not guilty, and the judgment entered upon the verdict so rendered was affirmed by the Appellate Court for the Third District. The case comes to this court on a certificate of importance granted by the Appellate Court.

The declaration was in four counts. The first count alleged that the appellant's intestate was an engineer in the employ of the appellee, and as such was in the line of his duty running and operating one of its engines attached to a passenger train from Flora, Illinois, to Beardstown, on the evening of February 14, 1911, and that by the negligence of the defendant through its servants, not fellow-servants of the deceased, in negligently leaving open a certain switch track near Philadelphia, Illinois, on which there were freight cars, the engine which the deceased was operating, and while he was in the exercise of due care for his own safety, ran into said switch track and collided with said cars and he was thereby thrown out of said engine and killed; that the deceased left him surviving Sarah E. Hemmick, his widow, and Lenora M. Hemmick, his daughter,

aged eleven years, as his heirs and next of kin. The second count is the same as the first, except it charges that plaintiff's intestate was killed by jumping from the engine in an effort to escape. The negligence charged in the third count was the failure of appellee to maintain a switch light at the place where the engine left the main track and ran into the open switch. This count alleges that deceased met his death in the collision with the freight cars on the switch track. The fourth count is the same as the third, except it charges that the deceased lost his life in jumping from his engine to avoid the impending danger from a collision. The general issue was filed to this declaration and a trial had before a jury.

Evidence was introduced which tended to sustain the averments of the declaration. The evidence shows that the deceased was a locomotive engineer and had been with the appellee company about twenty-one years, and for some time prior to his death he was an engineer of a passenger train running between Flora and Beardstown. He was forty-eight years of age at the time of his death, in good health and was earning $150 per month. He lived with and supported his family, consisting of himself, his wife and infant daughter, then eleven years of age. The train upon which he was engineer consisted of an engine, accommodation mail and baggage cars, and two coaches, equipped with automatic brakes. This train left Springfield on February 14, 1911, at eight o'clock P. M. and ran into the open switch about nine P. M. The passenger train passed a freight train at Ashland, seven miles from the switch. The crew of this freight train had used the switch about three-quarters of an hour before the passenger engine ran into it. The freight crew had apparently neglected, upon leaving the switch, to lock it, as the lock was found open and unbroken on a tie that the switch stood upon. The conductor or brakeman of the freight train testified that the switch was closed and locked when the freight train left.

The evidence shows that the switch could not be opened without unlocking it with a key. The evidence further showed that there was no switch light at this switch and that none had been there for several years previous to the accident. The night was clear, and if a light had been there it could have been seen for a considerable distance before the switch was reached. The train upon which appellant's intestate was engineer was running about thirty-five miles an hour. It is also shown that the passenger train could have been stopped before reaching the switch if there had been any signal light indicating that the switch was open. The evidence shows that the deceased was a prudent and careful man. Appellee proved by employees that appellant's intestate had been engaged in running trains past this switch for several years. The purpose of this testimony was to show that the deceased knew that there was no switch light maintained upon this switch, and consequently the deceased assumed the danger of operating an engine under the conditions which he must have known to exist. Appellee also introduced a release in evidence, which is as follows:

"THE BALTIMORE AND OHIO RAILROAD CO.

RELIEF DEPARTMENT.

RELEASE ON ACCOUNT OF DEATH BENEFIT.

"Whereas, David O. Hemmick, deceased, lately in the service of the Baltimore and Ohio Southwestern Railroad Company, was a member of the relief fund of the relief department of the Baltimore and Ohio Railroad Company under application No. 505,672, and the death benefit payable from the said relief department on account of such membership, amounting to twenty-five hundred dollars, ($2500,) with unpaid disablement benefit amounting to ...... dollars ($......,) is upon the condition of the execution of this release, as provided in the said application, payable to his wife, Sarah E. Hemmick, and Lenora Mildred Hemmick.

"Now, therefore, we, the undersigned, do hereby acknowledge that the payment of the said amount by the said relief department, as aforesaid, which payment is hereby acknowledged, is in full satisfaction and discharge of all claims or demands on account of or arising from the death of said deceased, which we now have or may or can hereafter have against the said the Baltimore and Ohio Railroad Company, operating the said relief department, and the

Baltimore and Ohio Southwestern Railroad Company, and the Baltimore and Ohio Railroad Company, or any other company owning or operating branches or divisions of either of said companies above named, or any company over whose railroad, right of way or property the said the Baltimore and Ohio Railroad Company, the Baltimore and Ohio Southwestern Railroad Company, or any company owning or operating branches or divisions of either of said companies above named, shall have the right to run or operate its engines or cars or to send its employees in the performance of their duty, or any company on whose railroad such injury or death occurred which has contributed to the maintenance of the relief fund and whose employees are members of the relief department of the Baltimore and Ohio Railroad Company, and do hereby release and forever discharge the Baltimore and Ohio Southwestern Railroad Company, the Baltimore and Ohio Railroad Company and the said other companies from all said claims and demands.

"The undersigned hereby admits that under the terms of the said application and the regulations of the relief department the acceptance of said benefits of itself operates as a full release of all the claims of the undersigned for damages by reason of said injuries against any of the said companies above referred to.

"Witness our hands and seals this 25th day of March, A. D. 1911.

"In the presence of T. W. Ashley, Alonzo Hoff, J. D. Marney.

SARAH E. HEMMICK. [Seal.]"

(Signing as widow and beneficiary, as administratrix and as guardian.)

The only question that need be considered is whether the release is a bar to appellant's action. It will be noted that the release is executed by appellant as widow and beneficiary of the deceased, as administratrix of his estate and as guardian of his only child and beneficiary. The release purports, on its face, to be a release in full of all claims and demands upon the appellee company on account of the death of appellant's intestate, and it is recited in the release that "the undersigned hereby admits that under the terms of the said application and the regulations of the relief department the acceptance of said benefits of itself operates as a full release of all the claims of the undersigned for damages by reason of said injuries against any of the said companies above referred to." While neither the application nor the certificate of membership was offered in evidence, still there

is in the language above quoted an admission that the application and regulations of the relief department make the acceptance of the benefits a release of all claims on account of the injury received. In *Eckman* v. *Chicago, Burlington and Quincy Railroad Co.* 169 Ill. 312, this court held that a contract of an employee was valid by which he agreed that the acceptance of benefits in the relief department of his employer and the payment by the company of the amount stipulated to be paid by the relief department operated as a release of any cause of action that might otherwise have been maintained against the employer, and the doctrine of that case was re-affirmed in *Pennsylvania Co.* v. *Chapman,* 220 Ill. 428. There is no contention that the execution of the release was procured by fraud, and being under seal it must in an action at law be presumed to have a consideration to support it. For the purposes of this suit this release must be held valid and a complete bar to appellant's cause of action. (*Mills* v. *Larrance,* 186 Ill. 635.) The fraud which will impeach a release under seal in an action at law must relate to the execution of the instrument and not merely to the nature and extent of the consideration. (*Hartley* v. *Chicago and Alton Railroad Co.* 214 Ill. 78.) There is no pretense, here, that the execution of this instrument was procured by fraud.

Appellant makes the point that she, as administratrix, is not named in the body of the release. This is not necessary, since the rule is that every person who signs an instrument becomes a party thereto. (9 Cyc. 301, and cases there cited.)

There being no error in this record, the judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*