**Sophie Cwik, Appellant, v. Irvin D. Condre, Appellee.**

Gen. No. 46,344.

First District, First Division.

December 13, 1954.

Released for publication March 7, 1955.

Roman E. Posanski, of Chicago, for appellant; Charles D. Snewind, of counsel.

Beverly & Pause, of Chicago, for appellee; Frank J. Pause, and William C. Wines, both of Chicago, of counsel.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

In an action filed in the superior court of Cook county by Sophie Cwik, as administratrix of the estate of her deceased husband, against Irvin D. Condre for damages for wrongful death, judgment was entered by agreement on March 5, 1948, for $7,300. On the day of its entry the judgment was satisfied in open court and a release was signed, sealed and delivered by the widow as "Administratrix of the Estate" and again as "Widow of Albert J. Cwik." It recites that the payment of $7,300 was "the sole consideration therefor." Thereafter Sophie Cwik, as an individual, sued Condre and sought damages for personal injuries alleged to have been sustained by her in the collision that resulted in the death of her husband. The court disposed of the case on the pleadings and entered judgment against plaintiff, to reverse which she appeals.

Plaintiff maintains that she intended to release only the cause of action for wrongful death; that if the release is viewed in its aspect most favorable to the

defendant it presents an ambiguity; that where an ambiguity exists evidence is admissible to determine the intent; and that the intent should be determined as a question of fact by a jury. We are satisfied that plaintiff intended to discharge her individual claim as well as her claim as administratrix. She signed and sealed the release twice. This indicates an intent to bind her in her capacity as administratrix and in her individual capacity. That she intended to act in a plurality of capacities appears from the testimonium clause stating, "In Witness Whereof, we have hereunto set our hands and seals this 5th day of March, 1948." It is obvious that the parties to the release are the administratrix and the plaintiff.

■■ We are of the opinion that the release is not ambiguous. Consequently parol evidence is inadmissible to vary its terms. The "injuries" to "person or property" covered by the release were those which "have resulted or may in the future develop" from the accident. No injuries could "in the future develop" from the death of Albert J. Cwik. The subject to which the release relates is not declared to be exclusively the death of Albert J. Cwik, for it says "including pecuniary loss by reason of the death of Albert J. Cwik." The subject of the release was not confined to the death of Albert J. Cwik but to the "accident which occurred on or about the 13th day of April 1946" at or near the intersection. The claims from the accident were released and plaintiff's individual claim is a claim arising from the accident. Plaintiff also indicated that she intended to release all claims of any kind when she said she was executing the release "for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned." We find that the parties intended to and did settle all claims arising out of the accident.

Plaintiff asserts that the release was without consideration and is a nullity. There was a judgment by consent in favor of the administratrix, a satisfaction thereof and a release by the administratrix and also by the widow of her individual claims arising from the accident. These were contemporaneous transactions. A judgment entered by consent, although valid, derives its validity from the consent of the parties, not from adjudication, and is treated as a contract. Sims v. Powell, 390 Ill. 610; People ex rel. Nelson v. Joliet Trust & Savings Bank, 315 Ill. App. 11; Lefor v. Jones, 338 Ill. App. 173. A promise based upon consideration of a benefit to a third person constitutes a valuable consideration. Cobb v. Heron, 180 Ill. 49; Ruppert v. Frauenknecht, 146 Ill. App. 397. Payment to a stranger at her request would be a valid consideration as to her. Payment to the estate in which she was a beneficiary to a part of the proceeds constitutes a valid consideration. A release under seal carries with it the presumption that it was executed for a valuable consideration, and in the absence of fraud no evidence can be introduced for the purpose of showing that there was no consideration for the giving of the instrument. Woodbury v. United States Casualty Co., 284 Ill. 227, 234; Curry v. Cotton, 356 Ill. 538, 547; Brinker v. Chicago Transit Authority, 344 Ill. App. 479. The release when given was valid and no subsequent action by the legislature or judiciary can impair its obligation. Havemeyer v. Iowa, 3 Wallace, 294, 303. Plaintiff says that whatever the law may have been, the legislature has enacted a statute which places a sealed and unsealed document upon the same legal footing. See par. 153b, ch. 30, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 28.07]. Section 4 of the Act on construction of statutes (ch. 131, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 27.16]) provides that no new law shall be construed to affect any right accrued or claim arising before the new law takes effect, save only that the proceedings

thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding. A release embodies a substantial right. We do not think that the legislature intended to pass an act which would impair the obligation of a contract. Section 10 of Article I of the Constitution of the United States provides that no State shall pass any law impairing the obligation of contracts. See also section 14, Article II of the Illinois Constitution. We find that the 1953 Act abolishing the effect of a seal was not intended to affect contracts made prior to its enactment.

For the reasons stated the judgment of the superior court of Cook county is affirmed.

Judgment affirmed.

FRIEND and NIEMEYER, JJ., concur.