16 Ill. App.2d 202 (1958)
147 N.E.2d 681
Earl E. Prill, Plaintiff,
v.
Illinois State Motor Service, Inc., John Coulopoulos, Andrew Beneos and Chicago Bridge and Iron Company, Defendants. Albrecht Chevrolet Company, for the Use of Maryland Casualty Company, Petitioner-Appellant,
v.
Earl E. Prill, Respondent-Appellee.
Term No. 57-O-3.
Illinois Appellate Court  Fourth District.
February 7, 1958.
Rehearing denied February 28, 1958.
Released for publication February 28, 1958.
*203 John F. O'Connell, of East St. Louis, for appellant.
Walker & Williams, Robert F. Godfrey, of East St. Louis, and Hutchins & Alfeld, of Carrollton (Ralph D. Walker, of counsel) for respondent, Earl Prill.
JUDGE BARDENS delivered the opinion of the court.
Respondent, an employee of petitioner, was injured in the course of his employment under circumstances involving negligence of a third party and obtained *204 a consent judgment against such third party in a common law action. Petitioner sought reimbursement out of such recovery in an ancillary proceeding in the Circuit Court of St. Clair county for payments made by it to respondent under the Workmen's Compensation Act. The issues presented by such petition were submitted to a jury, verdict was returned for respondent, and judgment entered thereon. This appeal follows denial of petitioner's post-trial motion for judgment notwithstanding the verdict and for a new trial.
Respondent was employed by petitioner as a mechanic in its garage. On April 4, 1952, he was pinned against his workbench and injured when the brakes failed on a slowly moving truck-tractor (detached from the trailer) as it was being driven into his work-stall by the driver of the trucking company. The evidence showed that the tractor and trailer had been driven up to the garage and made a normal stop. Petitioner's service manager was advised by the driver that he had a broken shackle on the front. This was confirmed by the service manager on examination. He then advised the driver to unhook the trailer and drive the tractor in a particular door. As the tractor was being guided into the stall by the service manager and respondent, the signal was given to apply brakes. The air went on but because of a leak in the left rear wheel cylinder of the tractor there was no breaking power.
Respondent brought a proceeding under the Workmen's Compensation Act against petitioner, his employer, and was given an award of $9,426.30, which has been paid. He then filed suit against the trucking company in the Circuit Court of St. Clair county charging negligence. Petitioner filed a petition in such suit seeking to intervene and protect its subrogation rights to reimbursement. This move was forestalled by a stipulation between the petitioner and respondent providing that out of any settlement or judgment a *205 sum equal to Workmen's Compensation paid would be deposited with the court and the respective claims to such fund determined by subsequent court action. After two and one-half days of trial of the law suit against the third party trucking company, a consent judgment in the amount of $37,500 was entered into. Thereafter, the issue as to petitioner's right to reimbursement out of the $37,500 recovery for the $9,426.30 compensation award was tried before a jury and a verdict returned for respondent.
Petitioner contends that as a matter of law it is entitled to reimbursement since respondent's recovery against the trucking company is equivalent to an adjudication of petitioner's freedom from negligence which proximately caused the injury and that to deny reimbursement would permit respondent to have double recovery for a single injury. It further contended that the jury's finding as to petitioner's negligence is against the manifest weight of the evidence and that reversible error occurred in the course of the trial.
[1] The state of the law of Illinois with respect to the employee's action against third parties and the employer's right to reimbursement out of any such third-party recovery for compensation paid has undergone change in recent years. To detail such changes for one unfamiliar with the field of Workmen's Compensation law would unduly prolong this opinion. Suffice it to say that this case arose during the interim between the decision of the Illinois Supreme Court in Grasse v. Dealers' Transport Co., 412 Ill. 179, 106 N.E.2d 124 (1952), and the effective date of legislation enacted in 1953 (Ill. Rev. Stat. 1953, Chapter 48, Par. 138.5) substituted for Section 29 of the Workmen's Compensation Act (Ill. Rev. Stat. 1947, Chapter 48, Par. 166) to satisfy the constitutional objections to it. This means that the employer's right to reimbursement as well as the employee's rights against the third *206 party in this case are not governed by the Workmen's Compensation Act but are to be determined by resort to common law principles. Dictum in the Grasse case and a further discussion of the controlling law by the Supreme Court in Geneva Construction Co. v. Martin Transfer & Storage Co., 4 Ill.2d 273, 122 N.E.2d 540, have clarified these common law rights of the employer. In the latter case, where an employer was attempting to recover the amount of compensation he had paid to his injured employee from the third-party tort-feasor, the Supreme Court said:
"Apart from these dicta, it is apparent that the issue is one of first impression in this jurisdiction and must be determined in terms of the essential elements of the doctrine of subrogation. This legal concept originated in equity, but is presently an integral part of the common law, and is designed to place the ultimate responsibility for a loss upon the one on whom in good conscience it ought to fall, and to reimburse the innocent party who is compelled to pay. Under this doctrine, a person who, pursuant to a legal liability, has paid for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer."

......
"In workmen's compensation cases, where the non-negligent employer has been required to pay compensation under the terms of the statute to an employee injured by a third-party tort-feasor, that loss should fall ultimately upon the wrongdoers responsible for it. If the non-negligent employer is deprived of his right of subrogation, it would result in the unjust enrichment of the employee, who could retain both compensation and damages, thereby violating a basic tenet of the common law that there may not be a double satisfaction for the same wrong. In fact, that common *207 law principle has been deemed to be the basis for the enactment of the various statutory subrogation provisions. (Cases cited.) If the employer is allowed a right of subrogation, all parties will have been duly paid, no one paid twice or imposed with double liability and the loss will fall upon the only party at fault, in accordance with the equitable objectives of the doctrine. Vance, Insurance, 680. Moreover, allowing the non-negligent employer subrogation rights would also be in accordance with the legislative policy of protecting the rights of the employer, as evidenced by section 29 of the Workmen's Compensation Act, and would be consistent with remaining valid subrogation provisions of the act." (Emphasis supplied.)
It is to be noted that the employer whose common law subrogation right is thus affirmed is variously characterized as "non-negligent" and "innocent" and reference is made to the loss falling upon the "only party at fault." It is thus the law in this class of cases that the employer's right to reimbursement must be conditioned upon his "non-negligence."
[2, 3] Petitioner contends, however, that the employer's freedom from negligence logically follows as a corollary to respondent's recovery against the third party; also, that to impose such condition on the employer's right to reimbursement creates the possibility of a double recovery by the employee for a single injury. Both arguments of petitioner are answered in this case by recognition of the legal significance of respondent's "consent judgment" against the third party. Such judgments are uniformly understood to merely record a settlement or agreement between the parties. They are not a judicial determination of the rights of the parties or the issues involved in litigation. Cwik v. Condre, 4 Ill. App.2d 380, 124 N.E.2d 612, Hogsett v. Hogsett, 11 Ill. App.2d 332, 137 N.E.2d 99. There having been no adjudication of rights and *208 issues in respondent's action against the third party, it is as if settlement without suit had been effected. Under such circumstances, no inferences as to petitioner's freedom from negligence can be legally drawn. Nor has there been a recovery in the eyes of the law which, coupled with the compensation award, would result in a "double satisfaction for the same wrong." As yet, there has been no common law adjudication of respondent's damages, and, in this respect, petitioner's position is analogous to that of one of several joint tort-feasors, each of whom has made settlement with the injured party. Until a final adjudication of damages has been had, no effect need be given to any prior settlements obtained from others jointly liable. Respondent might have contended in the instant case that the settlement of $37,500 was made by the third party in the light of the prior Workmen's Compensation award and that respondent's damages aggregated approximately $47,000, the sum of the two payments; and that petitioner should have proceeded against the third party inasmuch as a reimbursement action against the employee is maintainable only when the third party has been insulated by a final judgment not reduced by the amount of the compensation recovery and the employee therefore given full satisfaction for his injury plus the compensation award. In any event, it must be concluded that petitioner was not entitled to reimbursement as a matter of law but was properly required to prove his right thereto under the principles established by the Geneva Construction Company case whether suit is brought against the employee or against the third party. Here, because of a stipulation of the parties, the issue of the employer's right to reimbursement was submitted to a jury in an employer-employee action. The sole issue remaining, therefore, is whether a fair trial was accorded petitioner.
*209 [4] Various errors are urged by petitioner and argued in the briefs, one of which we deem to be controlling. The contention is made that a substantial part of the evidence on the issue of petitioner's negligence was incompetent and improperly admitted over objection of counsel. The charge of negligence rested on two main contentions: (1) that the service manager failed to anticipate the danger of defective brakes from his initial conversation with the driver before the tractor was brought into the garage; and (2) that the owner of the tractor was permitted to drive it into the garage rather than have the mechanic do so. As to the first point, there was competent evidence that the driver made no complaint of defective brakes but spoke only of the broken spring shackle in front, which damage was confirmed by the service manager in a quick inspection; that after the accident, a further inspection established that the brake failure was due to a leaking rear wheel cylinder which had permitted all the brake fluid to escape, and that after the master brake cylinder was refilled the brakes performed adequately; that several witnesses checked the brake line tubing after the accident and found no ruptures; and that the brakes would not have operated after the master cylinder was refilled had there been a rupture in the fluid line. However, respondent was permitted to get into evidence, over persistent objection of petitioner, testimony of the driver as to an alleged rupture of the hydraulic fluid line in the vicinity of the broken spring shackle and its replacement by a mechanic in Chicago at some later date. The driver was first permitted, over objection, to testify that the service manager and the police examined the truck immediately after the accident and found that the fluid had all leaked out because of a broken line. This was clearly hearsay and its effect could not be completely *210 dissipated by the driver's later testimony on cross-examination that he didn't inspect the brakes or the fluid line after the accident. Further incompetent testimony was admitted over objection as to the subsequent repair of such allegedly broken line by a mechanic in Chicago at an unspecified later date. The witness testified that he took the tractor to such mechanic, told him he had a broken front spring, that the brakes didn't work and to find out what was leaking and repair it. At no time, at the time of the accident or later in Chicago, did he see the broken line on the truck. His testimony was wholly based upon what the mechanic showed him and told him and was therefore clearly hearsay. Such testimony was particularly damaging because it placed the break in the line near the broken shackle where, a jury could infer, it should have been seen by the service manager. Objections to the testimony of the driver on this point were, therefore, improperly overruled. This conclusion is not altered by the fact that the portions of such testimony relating to the repair of the broken tube were adduced by the petitioner on cross-examination of the witness in the course of taking his pre-trial deposition. A portion of the stipulation entered into at the time of taking the deposition was to the effect that "objections to any questions, except as to the form of the questions, are reserved for the Court's ruling at the time of the trial." Objections to the hearsay character of the driver's testimony about the broken tube and its repair at the trial were, therefore, timely and should have been sustained. The result is that the only competent testimony in the record established that there was no broken fluid line discovered at the garage after the accident, and that the brakes functioned properly in tests made after the master cylinder was refilled. On this phase of respondent's charge that petitioner was negligent and, therefore, not entitled to reimbursement, *211 we conclude that petitioner's case was prejudiced by the admission of evidence clearly incompetent under the hearsay rule.
[5] The second basis of respondent's allegation of negligence was that petitioner permitted the truck driver to bring the tractor into the garage rather than requiring the mechanic assigned to the job to do so. In support of such charge respondent introduced some evidence of the existence of a contrary practice employed by other garages in the Wood River area in bringing vehicles into the garage to be worked on, against which practice the jury could judge petitioner's conduct. In addition, however, respondent was permitted to elicit from two witnesses the conclusion that it was a "safer practice" for the mechanic to drive the vehicle in. At the trial, petitioner objected to this testimony on the ground that it invaded the province of the jury. These objections should have been sustained inasmuch as the "safety" of the practice followed in this case was the very issue the jury had to determine. Keefe v. Armour & Co., 258 Ill. 28, 33; Wawryszyn v. Illinois Cent. R. Co., 10 Ill. App.2d 394, 135 N.E.2d 154. And, while it is true, as respondent argues, the practice adopted was not called "unsafe," it would require undue agility in semantics to avoid such conclusion from testimony of a "safer practice."
We conclude, therefore, that the cumulative effect of the erroneous admission of evidence on the two principal allegations of petitioner's negligence was to deprive petitioner of a fair trial. The cause is, therefore, remanded to the Circuit Court of St. Clair county for further proceedings.
Reversed and remanded.
CULBERTSON, P.J. and SCHEINEMAN, J., concur.