**Floyd BLANSKI, Plaintiff-Appellee,**

v.

**AETNA CASUALTY AND SURETY COMPANY, a corporation, Intervenor-Plaintiff-Appellant.**

**No. 13133.**

United States Court of Appeals Seventh Circuit.

Feb. 2, 1961.

Sidney Z. Karasik, Angerstein & Angerstein, Chicago, Ill., for appellant; Armand Chiappori, Charles Wolff, George W. Angerstein, Chicago, Ill., of counsel.

Arthur O. Kane and Henry L. Kane, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

The Aetna Casualty and Surety Company, intervening-plaintiff-appellant, filed an intervening petition in a diversity action commenced by Floyd Blanski, plaintiff-appellee, wherein Blanski sought to recover damages from three defendants for alleged personal injuries. Aetna, by its intervening petition, as subrogee insurance carrier of Davey Tree Expert Company, Blanski's employer, sought reimbursement and indemnification for compensation paid Blanski under the Illinois Workmen's Occupational Diseases Act from any recovery by Blanski from the defendants and to enforce a lien for such purpose. Blanski's action was settled and an agreed judgment for $10,500 entered in his favor. The judgment was satisfied and the amount deposited with the clerk of the court subject to adjudication of the intervening petition of Aetna. The matter was taken by the court on briefs of the parties. The District Court filed an opinion containing its findings of fact and conclusions of law and entered a judgment order disallowing the intervening petition. After denial of its motion to vacate the judgment Aetna appealed.

The main contested issues presented by this appeal are:

(1) Whether freedom from negligence causing or contributing to the employee's condition of ill-being and disability is a condition prerequisite to the employer (or its subrogee insurance carrier) obtaining indemnification for compensation paid under the Illinois Workmen's Occupational Diseases Act, and enforcing a lien therefor, from and against a settlement received by the employee from alleged third-party tort-feasors?

(2) And, if so, whether the District Court's finding that the record establish-ed such negligence on the part of the employer was clearly erroneous.

Blanski, a minor, was an employee of the Davey Tree Expert Company. On September 8, 1949 he allegedly sustained an occupational disease which he claimed arose out of and in the course of his employment. He filed a claim with the Industrial Commission of Illinois under the Workmen's Occupational Diseases Act against Davey Tree Expert Company and Aetna, its insurance carrier. He received an award which included compensation for permanent partial disability and covered accrued medical and hospitalization expense.

On attaining his majority in 1952, Blanski brought suit against the alleged third-party tort-feasors. Aetna's intervening petition filed therein alleged, *inter alia*, that Blanski's alleged injuries, disabilities and disablement for which Aetna became liable to pay compensation "are the same injuries, disabilities and disablement which are the basis" of Blanski's suit against the defendants. Aetna's original intervening petition, filed October 14, 1953, contained no allegation concerning freedom from negligence of Blanski's employer, Davey Tree Expert Company. An amendment to the intervening petition was filed in 1955 containing the following allegation:

"Petitioner says that the alleged injuries, disabilities and disablement which are the basis of the said Floyd Blanski's suit against the defendants in the above-entitled cause were not proximately caused by the negligence of Davey Tree Expert Company or by the negligence of any of such company's employees."

This allegation was subsequently deleted by an amendment made September 23, 1959. The answer to the intervening petition, filed by Blanski, expressly alleged that:

"[T]he Davey Tree Expert Company, to whom intervener became subrogated, was guilty of acts of negligence and lack of care which

contributed, along with the acts of the defendants, to cause plaintiff's condition of ill being, and is therefore barred from asserting any rights in any recovery had by plaintiff."

No reply was filed by Aetna. On this state of the pleadings the existence of negligence on the part of Blanski's employer which contributed to cause his condition was admitted. The District Court did not err in finding that the record established such negligence. We do not find it necessary to consider the contentions of the parties as to whether or not a stipulation which was entered into authorized the District Court to consider depositions on file in the cause on the question of the existence of negligence of Blanski's employer. Such negligence was admitted on the pleadings.

On September 8, 1949, the date on which Blanski's alleged claim under the Workmen's Occupational Diseases Act and his alleged cause of action against the defendant third-party tort-feasors accrued, the first paragraph of Section 29 of the Occupational Diseases Act (Ill. Rev.Stat.1949, Ch. 48, § 172.29) like the first paragraph of the companion section of the Illinois Workmen's Compensation Act (Ill.Rev.Stat.1949, Ch. 48, § 166) contained a provision to the effect that where the disablement for which compensation was payable was not proximately caused by negligence of the employer or his employees and was caused under circumstances creating a legal liability for damages in a third-party tortfeasor who was operating under and bound by the Act the right of the employee to recover from such third party was transferred to his employer.

■ The Illinois Workmen's Occupational Diseases Act and the Illinois Workmen's Compensation Act are homologous and decisions concerning Section 29 of the Compensation Act are equally applicable to Section 29 of the Occupational Diseases Act. Dur-Ite Co. v. Industrial Commission, 394 Ill. 338, 344, 68 N.E.2d 717.

In Grasse v. Dealer's Transport Co., 412 Ill. 179, 106 N.E.2d 124, the first paragraph of Section 29 of the Compensation Act was declared unconstitutional and the court pointed out that the effect of its determination was that the rights of the parties would be governed by common-law subrogation principles and the "non-negligent employer who had paid compensation would be entitled to be subrogated to the rights of the employee against the third party tortfeasors".

The second paragraph of Section 29 of each Act dealt with the situation where the negligent third party was not operating under nor bound by the Act. The provisions of such paragraph were unaffected by the decision holding the first paragraph invalid. Grasse v. Dealer's Transport Co., 412 Ill. 179, 201, 106 N.E.2d 124. Under the provisions of this second paragraph the right of recovery against the third party was retained in the employee and the employer's subrogation rights and right to a lien were contingent upon his freedom from negligence proximately causing the employee's disablement.

In Geneva Construction Co. v. Martin Transfer & Storage Company, 4 Ill.2d 273, 122 N.E.2d 540 the dictum in Grasse with respect to the application of common-law principles of subrogation where the third party was bound by the Act was approved and the court pointed out (4 Ill.2d at page 283, 122 N.E.2d at page 546) that:

"This legal concept [the doctrine of subrogation] originated in equity, but is presently an integral part of the common law, and is designed to place the ultimate responsibility for a loss upon the one on whom in good conscience it ought to fall, and to reimburse the *innocent* party who is compelled to pay." (Emphasis supplied.)

And, in Prill v. Illinois State Motor Service, Inc., 16 Ill.App.2d 202, 207, 147 N.E.2d 681, 683, it was said:

"It is to be noted that the employer whose common law subrogation right is thus affirmed is variously characterized as 'non-negligent' and 'innocent' and reference is made to the loss falling upon the 'only party at fault.' It is thus the law in this class of cases that the employer's right to reimbursement must be conditioned upon his 'non-negligence'."

■ Thus whether or not the defendant third-party tort-feasors in the instant case were operating under and bound by the Workmen's Occupational Diseases Act freedom from causal negligence on the part of Blanski's employer was a condition prerequisite to Aetna's subrogation and lien rights. If the defendants were bound by the Act common-law principles of subrogation apply and under the Illinois cases a negligent employer is not subrogated. Prill v. Illinois State Motor Service, Inc., supra. If the defendants were not bound by the Act the second paragraph of section 29 applies and it expressly conditions the employer's subrogation and lien rights upon non-negligence. Manion v. Chicago, Rock Island and Pacific Railroad Company, 2 Ill.App.2d 191, 119 N.E.2d 498.

The Prill case is particularly apposite here. It was there pointed out (16 Ill. App.2d at page 207, 147 N.E.2d at page 684):

"Petitioner contends, however, that the employer's freedom from negligence logically follows as a corollary to respondent's recovery against the third party; also, that to impose such condition on the employer's right to reimbursement creates the possibility of a double recovery by the employee for a single injury. Both arguments of petitioner are answered in this case by recognition of the legal significance of respondent's 'consent judgment' against the third party. Such judgments are uniformly understood to merely record a settlement or agreement between the parties.

They are not a judicial determination of the rights of the parties or the issues involved in litigation. Cwik v. Condre, 4 Ill.App.2d 380, 124 N.E.2d 612; Hogsett v. Hogsett, 11 Ill.App.2d 332, 137 N.E.2d 99. There having been no adjudication of rights and issues in respondent's action against the third party, it is as if settlement without suit had been effected. Under such circumstances, no inferences as to petitioner's freedom from negligence can be legally drawn. Nor has there been a recovery in the eyes of the law which, coupled with the compensation award, would result in a 'double satisfaction for the same wrong.' "

■ Aetna relies heavily on amendments to the Workmen's Occupational Diseases Act made subsequent to the Grasse decision. It points out that a 1953 amendment deleted the invalid first paragraph from section 29 and excised the provision of the second paragraph which limited its application to situations where the third party was not bound by the Act. It contends that a 1959 amendment which deleted the words "was not proximately caused by the negligence of the employer or his employees" (Ill.Rev.Stat.1959, Ch. 48, § 172.40) governs its subrogation rights. The 1959 amendment in eliminating the provision that subrogation rights of the employer were conditioned on his freedom from causal negligence constituted a substantive change in the law. The change was not merely remedial and procedural as Aetna contends. The rights here involved are substantive and are to be governed by the law in force at the time they accrued—September 8, 1949—the date of the occurrence upon which they are predicated. Stanswsky v. Industrial Commission, 344 Ill. 436, 176 N.E. 898; Havill v. Havill, 332 Ill. 11, 163 N.E. 428; City of Chicago v. Collin, 302 Ill. 270, 134 N.E. 751 and Playhouse Theatre v Industrial Commission, 346 Ill. 509, 179 N.E. 89.

We have considered all other contentions advanced by Aetna but find them without merit in view of the Illinois decisions which must be given controlling effect on the issues here considered.

The judgment of the District Court is affirmed.

Affirmed.